UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

KENNETH J LAVERGNE                CASE NO.  2:26-CV-00186

VERSUS                           JUDGE ROBERT R. SUMMERHAYS

U SAA FEDERAL SAVINGS BANK       MAGISTRATE JUDGE CAROL B. WHITEHURST

## MEMORANDUM ORDER

Before the Court is a quagmire of motions related to Defendant's attempts to dismiss Plaintiff's *pro se* petition. For the following reasons, the Court denies Defendant's numerous motions to strike, grants Plaintiff's motion for leave to amend the complaint, and provides additional instructions to clarify the docket.

In September 2025, Plaintiff, proceeding *pro se*, filed a Petition for Damages in state court against USAA Federal Savings Bank alleging that USAA imposed a 60-day hold on his funds and unlawfully closed his account, resulting in his inability to pay expenses, loss of creditworthiness, and other damages. (Rec. Doc. 1-2). Because Plaintiff's claims are based, in part, on federal statutes, USAA removed the case and filed a Rule 12(e) Motion for Definite Statement (Rec. Doc. 8) and a Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 9). On March 16, 2016, Plaintiff filed an amended complaint asserting additional allegations that USAA maintains a pattern or practice of imposing account restrictions and closures based on automated or

algorithmic monitoring systems without meaningful human review which led to the improper closure of his account. (Rec. Doc. 13, ¶26-32). The amended complaint further asserts that USAA's alleged conduct violated federal banking regulations. (¶33-37).

Rather than move to dismiss the amended complaint, USAA filed additional memoranda in support of its initial motions to dismiss and for more definite statement and also a motion to strike the amended complaint. (Rec. Doc. 14, 15, and 16). USAA argued that Plaintiff failed to seek leave of court to amend the complaint. On March 27, 2026, Plaintiff filed an opposition to USAA's Rule 12(b)(6) motion to dismiss and moved for leave to file a second amended complaint asserting additional factual allegations related to his claims (Rec. Doc. 18), which USAA opposed (Rec. Doc. 23). Emphasizing its position, USAA also filed **four** separate Motions to Strike Plaintiff's Motion for Leave on the grounds that Plaintiff's motion was untimely and was not properly verified. (Rec. Doc. 19, 20, 21 and 22).

The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Regarding a party's right to amend, "[t]he court should freely give leave when justice so requires." F.R.C.P. Rule 15(a)(2). "This standard favors leave as a necessary companion to notice pleading and discovery." *Lone Star Ladies Inv. Club*

*v. Schlotzsky's Inc.,* 238 F.3d 363, 367 (5th Cir. 2001). "Absent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party,…district courts must entertain a presumption in favor of granting parties leave to amend. *Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004).

Considering Plaintiff's *pro se* status, the presumption in favor of amendment, the absence of undue delay, bad faith, dilatory motive, and prejudice to Defendant, and the status of these proceedings,

IT IS ORDERED that Defendant's Motion for a More Definite Statement (Rec. Doc. 8) is GRANTED and Plaintiff's Motion for Leave to File Amended Complaint (Rec. Doc. 18) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint setting forth all factual allegations and claims in a single complaint with numbered paragraphs and a complete signature line by May 5, 2026.

IT IS FURTHER ORDERED that Defendant's Motions to Strike (Rec. Doc. 16; 19; 20; 21; 22) are DENIED.

Signed at Lafayette, Louisiana on this 20th day of April, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE