**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **KENNETH J LAVERGNE** | **CASE NO.  2:26-CV-00186** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **USAA FEDERAL SAVINGS BANK** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING ON OBJECTIONS

Before the Court are objections to the Report and Recommendation ("R&R") issued by the Magistrate Judge. For the reasons that follow, Plaintiff's objections are overruled, and the R&R is ADOPTED as supplemented by this Ruling.

Plaintiff objects to the recommendation that his claim under 15 U.S.C. § 1693f of the Electronic Funds Transfer Act ("EFTA") be dismissed, asserting he has adequately stated a claim for a violation of § 1693f.[1] In the operative pleading, Plaintiff alleges that "[o]n or about September 11, 2025, Defendant imposed severe restrictions and a prolonged hold on Plaintiff's deposited funds," that "Plaintiff repeatedly sought explanation, verification, review, and restoration of access" and "provided documentation verifying identity and lawful source of funds," but "Defendant failed to provide a meaningful individualized review or lawful explanation," thereby resulting in damages to Plaintiff.[2]

The EFTA "requires financial institutions to provide consumers with a periodic statement of electronic transfers to and from the consumer's account."[3] A consumer then has "sixty days from the time of the statement's transmission to notify the financial institution of a potential

---

[1] ECF No. 39 at 3.
[2] ECF No. 33 at 2.
[3] *Dorsey v. U.S. Bank Nat'l Ass'n*, 11-CV-231-JJB, 2012 WL 13001917, at *2 (M.D. La. Apr. 2, 2012) (citing 15 U.S.C. § 1693d).

error."[4] "When a consumer gives oral or written notification within the sixty-day period, the financial institution must investigate the claim, determine if an error occurred, and provide the investigation results to the consumer within ten business days of notification."[5] "If an error is not corrected to a consumer's satisfaction, he may file a civil suit in any federal district court for actual and statutory damages within one year from the date of the violation."[6]

"To state an EFTA claim based on a financial institution's failure to properly investigate, the plaintiff must allege that he timely notified the financial institution."[7] Here, Plaintiff had a duty to notify Defendant of any purported unauthorized transfer within sixty days following receipt of the periodic bank statement detailing the unauthorized electronic transfer. However, Plaintiff has failed to plead sufficient facts showing he satisfied his notification duty, or that extenuating circumstances prevented him from satisfying this duty in a timely fashion.[8] Thus, he has not plausibly alleged that Defendant had a duty to investigate his unauthorized electronic fund transfer claims.[9] Accordingly, this objection is OVERRULED.

Plaintiff makes no specific objection to the Magistrate Judge's recommendation that his claim under the Electronic Funds Availability Act ("EFAA") be dismissed. Nevertheless, for the sake of completeness, the Court supplements section II of the R&R with the following:[10]

The Expedited Funds Availability Act ("EFAA"), 12 U.S.C. §§ 4001–4010, is "a 1987 law designed to accelerate the availability of funds to bank depositors and to improve the Nation's

---

[4] *Dorsey* at *2 (citing 15 U.S.C. § 1693f); *see also* 12 C.F.R. § 205.11(b).
[5] *Id.* (citing 15 U.S.C. § 1693f).
[6] *Randolph v. Comerica Bank*, 13-cv-4810, 2014 WL 1694914, at *2 (N.D. Tex. Apr. 29, 2014) (citing 15 U.S.C. § 1693m(a), (g)).
[7] *Jones v. NetSpend Card Co.*, No. 17-cv-304, 2017 WL 7905488, at *2 (W.D. Tex. Oct. 20, 2017); *Dorsey* at *3.
[8] *See e.g. Dorsey* at 3; 15 U.S.C. § 1693g(a).
[9] *Dorsey* at *3.
[10] *See* ECF No. 38 at 4–5.

check payment system."[11] The EFAA "requires banks to make deposited funds available for withdrawal within specified time periods, subject to stated exceptions."[12] To state a claim under the EFAA, a plaintiff must set forth facts that he or she made a specific type of deposit as defined by the EFAA, and that the bank held that deposit beyond the specific timeframe allowed by the statute.[13]

Here, Plaintiff alleges he "maintained deposit accounts with Defendant in good standing," and that "[o]n or about September 11, 2025, Defendant imposed severe restrictions and a prolonged hold on Plaintiff's deposited funds," thereby causing Plaintiff damages.[14] This is insufficient to state a claim under the EFAA, as Plaintiff fails to identify any deposit made, the type of deposit, or that Defendant held that deposit beyond the specific timeframe set forth in the statute.

The Court finds the remainder of Plaintiff's objections to be without merit.

THUS DONE in Chambers on this 1st day of July, 2026.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[11] *Bank One Chicago, N.A. v. Midwest Bank & Tr. Co.*, 516 U.S. 264, 266 (1996).
[12] *Id.* (footnote omitted) (citing 12 U.S.C. §§ 4002, 4003).
[13] *See* 12 U.S.C. § 2004; *Little Donkey Enterprises Washington, Inc. v. U.S. Bancorp*, 136 Fed.Appx. 91, 92 (9th Cir. 2005).
[14] ECF No. 33 at 2.